IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,877-01 and WR-68,877-02







EX PARTE MARCUS RAY TYRONE DRUERY


 





ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

IN CAUSE NO. 03-00001-CRF-85-A IN THE 85TH DISTRICT

COURT OF BRAZOS COUNTY




 Per curiam. 


O R D E R



 These are post conviction applications for writs of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 A jury convicted applicant of the offense of capital murder. The jury also answered
the special issues submitted pursuant to Article 37.071 of the Texas Code of Criminal
Procedure in the favor of the State. The trial court, accordingly, set punishment at death on
December 5, 2003. This Court subsequently affirmed applicant's conviction and sentence
on direct appeal. Druery v. State, 225 S.W.3d 491 (Tex. Crim. App. 2007).

 In his initial writ application, applicant presents fourteen allegations in which he
challenges the validity of his conviction and the resulting sentence. A hearing was held, and
the trial judge entered findings of fact and conclusions of law recommending that relief be
denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judges's recommendation and adopt the trial judge's findings and
conclusions with the following exceptions: Conclusion of Law 16, 37, 38, 39, and 40. Based
upon the trial judges's findings and conclusions and our own review of the record, relief is
denied.

 This Court has also reviewed applicant's additional pro se claims in two documents
both of which are entitled "Notice of Desire to Raise Additional Habeas Corpus Claims." 
Both documents were filed with the trial court, the first on December 12, 2007 (Claims 1-8),
and the second on January 29, 2008 (Claims 9-11). All of these claims were filed after the
deadline provided for filing an initial application for a writ of habeas corpus and were
forwarded to this Court with the initial writ application. We have considered all of these
additional claims and find that they constitute, in toto, a subsequent writ application. See
Tex. Code Crim. Proc. art. 11.071 § 5. We further find that the claims in the subsequent
application fail to meet one of the exceptions provided for in Section 5 of Article 11.071, and
thus, we dismiss the subsequent application as an abuse of the writ. 

 IT IS SO ORDERED THIS THE 19TH DAY OF MARCH, 2008.

Do Not Publish